N IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LLoYD HAYWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.  06 C 2264 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| MARC DELFAVERO, ROBERT FRANKS, | ) |
| BRENDAN GILL, CHRISTOPHER | ) |
| MARZANO, MARK MIRABELLI, | ) |
| WAYNE NOVY, TREVOR STOTTS, | ) |
| DANIEL TOWN, JOHN DOE, MARK | ) |
| VAN GIESEN, and THE CITY | ) |
| CHICAGO | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before this Court is Defendants' motion for judgment on the pleadings against plaintiff Lloyd Haywood ("Haywood"). For the reasons set forth below, Defendant's motion for judgment on the pleadings is DENIED.

**I.      FACTS**

On September 16, 2004, Haywood was allegedly seized from his home and unnecessarily tormented for over an hour by a group of Chicago police officers. (Compl. ¶ 1.) Haywood claims that the officers conducted unlawful searches, publicly humiliated him, swung a chainsaw at his head and prevented him from caring for his autistic daughter. (Id.) Haywood filed his

original complaint against Sergeant Mark Van Giesen ("Van Giesen"), the City of Chicago and four unnamed Chicago police officers on April 24, 2006 for violations of 42 U.S.C. §§ 1983 and 1988. (Id.) His original complaint specified that Van Giesen and the unnamed officers were being sued in their individual capacities for actions that they took under color of state law as police officers of the City of Chicago. (Compl. ¶¶ 5-10.) The complaint also contained a detailed description of Haywood's account of the events of that day and enumerated specific abuses by the unnamed officers. (Compl. ¶¶ 12-49.) The complaint also described the Fourth and Fourteenth Amendment constitutional infringements qualifying the abuses as § 1983 violations, including the use of excessive force, illegal search, and unreasonable detention. (Compl. ¶¶ 50-63.)

On May 17, 2006 this Court ordered Defendants to give Haywood the names of any individual officers potentially involved in the incident for purposes of taking identity depositions. (Pl.'s Mot. for Leave to File 2d Amend. Compl. ¶ 4.) Haywood then filed his First Amended Complaint on May 22, 2006, adding Chicago police officers Marc Delfavero, Christopher Marzano, and Mark Mirabelli, and the amended complaint continued to list an unnamed officer as well. (Amend. Compl. 1.) In this First Amended Complaint, when Haywood referred to specific abuses of the officers, he did not specify which officer was responsible for the particular abuses. (see, e.g., Amend. Compl. ¶ 9.) Instead, his complaint refers to the perpetrator of each abuse as "one of the named individual defendants", and by numerical identification he thereafter tracks these individuals to establish their roles in the incident. (Id.) The rest of the first amended complaint remained almost identical to the original complaint aside from these substitutions.

In addition to Officers Van Giesen, Delfavero, Marzano and Mirabelli, Haywood believed there were other unidentified officers involved and as of August 25, 2006 he was still receiving requested information from the City to aid him in identifying these additional officers. (Pl.'s Mot. for Leave to File 2d Amend. Compl. ¶6.) Based on this supplementary information, between September 8th and 12th, three out of five remaining identification depositions took place with the Chicago police officers believed to be involved. (Def.'s Resp. to Pl.'s Mot. for Leave to File 2d Amend. Compl. ¶ 3.) Before the final two could be scheduled, Haywood's attorney called Defense counsel on September 12, 2006 to notify him that a Second Amended Complaint would be filed naming the five additional officers, including the two that had not been deposed. (Id. at 4.)

With two days remaining before the two-year statute of limitations period would run, Haywood filed his Motion for Leave to File a Second Amended Complaint on September 14, 2006. In this Second Amended Complaint, Haywood named the five additional officers for the first time and brought an additional claim against Van Giesen. (Pl.'s Mot. for Leave to File 2d Amend. Compl. ¶ 1.) Other than these additions, the substance of the complaint remained essentially the same as both the original complaint and the First Amended Complaint. Haywood attached a copy of the proposed amended complaint with his motion listing the five newly named defendants and the claims against them using the same wording and form as the additions of Officers Delfavero, Marzano and Mirabelli in the First Amended Complaint. (Id.) Although Haywood's Motion for Leave to Amend to File the Second Amended Complaint was made inside the statute of limitations period, the Court did not rule on it or file the proposed

amendments until October 3, 2006, three weeks *after* the statutory period ended. (Def.'s Mot. for Judgment on the Pleadings ¶ 1.)

**II. LEGAL STANDARD**

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12© is appropriate where the material facts of a case are not in dispute, and a judgment on the merits may be achieved by focusing on the legal issues and agreed facts in the case. Wright & Miller, 5A Federal Practice and Procedure: Civil 2d § 1367 pp. 509-10 (1990). As in a motion to dismiss, in deciding a motion for judgment on the pleadings, the court views the facts in the light most favorable to the non-moving party. Id. § 1368 pp. 518-19 (1990). All of the well-pleaded allegations in the non-moving party's pleadings are taken as true. *Gillman v. Burlington Northern R.R. Co.*, 878 F.2d 1020 (7th Cir. 1989). All reasonable inferences from these facts are also given to the non-movant. *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357 (7th Cir. 1987).

**III. ANALYSIS**

In civil rights cases involving 42 U.S.C. § 1983, the federal courts borrow the applicable state statute of limitations for personal injury cases. *Wilson v. Garcia*, 471 U.S. 261, 278 (1985). In Illinois, the relevant statute of limitations is two years. *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). When a state's statute of limitations is borrowed in federal question cases, the federal court must still use Federal Rule of Civil Procedure 3 stating that an action is

commenced in federal court by the filing of a complaint and it is this action that tolls the statute of limitations. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

When a plaintiff seeks to amend a complaint to add new defendants, Rule 15(a) requires that the party seeks leave from the court. Fed. R. Civ. P. 15(a). Leave must be granted before the amended complaint is accepted and filed with the court. *Id*. Although leave for amendment is generally given freely, when new defendants are added to the complaint Rule 15 requires that either the defendants must be added *before* the statute of limitations runs or, if they are later added, Rule 15(c)) requires that they still must have had notice of the complaint and an awareness that they would likely be named as defendants but for some kind of mistake in identification. Fed. R. of Civ. P. 15(c)).

In *Moore*, the Seventh Circuit Court of Appeals held that the statute of limitations is tolled when a motion for leave to amend is filed with the court. *Moore*, 999 F.3d at 1131. The Court found that even when the amended complaint is not technically ruled on until *after* the statute of limitations runs, the motion for leave to amend is sufficient as long as it is accompanied by a copy of the proposed amendment or otherwise gives the opposing party notice of the contents of the proposed amendment. *Moore*, 999 F.3d at 1131. The reason for allowing the filing of a motion for leave to amend to satisfy the deadline for the statute of limitations period is that a party has no control over when a court will render its decision on the amendments and therefore should not be punished for the court's delay. *Id*; *see also Schillinger v. Union Pac. R.R. Co.*, 425 F.3d 330, 334 (7th Cir. 2005) (holding that the statute of limitations calculation is determined by the date the motion for leave to amend is filed because it is otherwise unfair to hold the moving party responsible for a court's potentially lengthy delay and

parties are put on sufficient notice when motion for leave is filed); *Paulk v. Dep't of the Air Force*, 830 F.2d 79, 80 (7th Cir. 1987) (holding that when the court did not rule on plaintiff's timely motion to file an amended complaint until after the statute of limitations period, the court found it was unreasonable and unfair to irrevocably prejudice a plaintiff's case when she was not at fault for the delay and suggested it may constitute an equal protection violation).

In the instant case, Haywood filed his Motion for Leave to Amend two days before the statute of limitations ran on his § 1983 claim. Although this Court did not rule on his motion until October 3, 2006, three weeks after the statute of limitations ran, as in *Moore* and *Schillinger*, this Court must look to the date of Haywood's Motion for Leave to Amend to determine if it complies with the statute of limitations. Haywood submitted his Motion for Leave to Amend within the statutory period and attached a copy of the proposed amended complaint to the motion. In the motion, he clearly specifies that the newly named officers are being charged with violations of §§ 1983 and 1988 and that they participated in some way in Haywood's abuse on September 16, 2004. The liberal pleading rules of the federal system do not require that a plaintiff's complaint gives a detailed account of the basis for relief, only a short and plain statement of the claim being asserted. Haywood's Second Amended Complaint therefore gives the new defendants adequate notice by stating that §§ 1983 and 1988 were the bases of relief, by detailing the alleged abuses Haywood suffered during the incident and specifying how the actions of the officers violated the Fourth and Fourteenth Amendments. Given the information set forth in Haywood's timely filed motion and the attached copy of the proposed Second Amended Complaint, Haywood's motion to amend satisfies the two-year statute of limitations requirement.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is denied.

Enter:

/s/David H. Coar

_____
David H. Coar
United States District Judge

**Dated: June 28, 2007**